**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| ROSALIE M. CIESLINSKI, | DOCKET NUMBER |
| Appellant, | SF-0843-14-0515-I-1 |
| v. | |
| OFFICE OF PERSONNEL MANAGEMENT, | DATE: October 20, 2014 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Rodelio V. Mendoza, Camarines Sur, Philippines, for the appellant.

Cynthia Reinhold, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which affirmed the Office of Personnel Management (OPM)'s denial of the appellant's request for benefits under the Federal Employees' Retirement System (FERS). Generally, we grant petitions such as this one only when:  the initial decision

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2        The appellant is the widow of a former federal civilian employee.  Initial Appeal File (IAF), Tab 7 at 23-24, 27.  Her husband had federal service during which FERS deductions were taken from February 1996 until his resignation in January 2000.  *Id*. at 34-35.  He also had prior military service, but he did not make a retirement deposit with respect to this service.  *Id*. at 16, 28.  Upon resigning from federal service, he applied for and received a refund of his FERS contributions.  *Id*. at 28-35.  Subsequently, the appellant and her husband were married.  *Id*. at 27.  He died in September 2012.  *Id*. at 23-24.  After her husband's death, the appellant applied for survivor annuity benefits.  *Id*. at 8-11.

¶3        OPM denied the appellant's request in a January 2013 letter.  *Id*. at 5.  The appellant filed the instant appeal alleging that OPM should allow her to redeposit the refunded retirement contributions in order for her to receive an annuity.  IAF,

Tab 1 at 9.[2]  OPM argued in response that the appellant is not entitled to benefits because the decedent received a refund of all of his retirement contributions. IAF, Tab 7 at 4.  The administrative judge issued an initial decision affirming OPM's denial of the appellant's request for benefits.  IAF, Tab 15, Initial Decision.

¶4    The appellant has filed a petition for review in which she continues to argue that she should be entitled to redeposit the refunded contributions.  Petition for Review (PFR) File, Tab 1 at 4.  She also appears to assert entitlement to an annuity without redeposit of the refunded contributions.  *Id.*  OPM responds in opposition.  PFR File, Tab 6.[3]

¶5    Under FERS, an employee must have at least 5 years of creditable service in order to be entitled to receive a retirement annuity.  5 U.S.C. § 8410.  The record in this case reflects that the decedent did not meet this requirement because he served for fewer than 5 years in the federal service and did not make a retirement deposit with respect to his military service.  IAF, Tab 7 at 28, 34.  Additionally, a federal employee who has contributed to FERS and has been separated from federal service for at least 31 consecutive days may apply for a lump-sum refund of his FERS retirement contributions.  However, in all but certain circumstances

---

[2] Although OPM has not issued a reconsideration decision in this case, it has indicated that the January 2013 letter may be deemed its final decision in the matter.  IAF, Tab 7 at 4.  We therefore find that the Board has jurisdiction in this case despite the fact that OPM has not issued a reconsideration decision.  *See Okello v. Office of Personnel Management*, 120 M.S.P.R. 498, ¶ 14 (2014) (finding that "even an initial decision subject to reconsideration or the absence of any decision at all" may constitute a final decision for jurisdiction purposes under appropriate circumstances).

[3] On petition for review, the appellant has submitted two motions to file additional pleadings.  PFR File, Tabs 9, 14.  We deny these motions because the appellant has not shown that the proposed evidence is new and material.  5 C.F.R. § 1201.114(k).  Additionally, we find that the appellant's petition for review with attachments that was submitted subsequent to her initial petition for review was properly rejected, PFR File, Tab 8, because the Board's regulations do not provide for pleadings other than a petition for review, a cross petition for review, a response to the petition for review or cross petition for review, and a reply to a response, 5 C.F.R. § 1201.114(a)(5).

not applicable here, this refund voids all annuity rights based on the service on which the lump-sum credit is based. 5 U.S.C. § 8424(a). The decedent applied for a refund of his contributions and was informed in the application for refund that he was forfeiting any retirement benefits that were based upon the periods of service covered by the refund. IAF, Tab 7 at 32. Therefore, even if he had been entitled to an annuity based upon his federal service, he forfeited any such right through receipt of a refund of his contributions. *See Conway v. Office of Personnel Management*, 59 M.S.P.R. 405, 412 (1993) (finding that OPM could deny the appellant service credit for the period of service covered by a refund).[4] Finally, there is no indication in the record that the decedent made, or was eligible to make, a redeposit of his refunded contributions. *See* 5 U.S.C. § 8422(i).

¶6        Where the decedent was neither a federal employee nor a retiree when he died, his widow is not entitled to a survivor's annuity. *McCurry v. Office of Personnel Management*, 45 M.S.P.R. 393, 396-97 (1990). Although the appellant argues that she should be allowed to redeposit the refunded contributions in order to qualify for a survivor annuity, we are not aware of any provision of law that permits a surviving spouse to make such a redeposit. *See* 5 U.S.C. § 8422(i) (permitting redeposits by federal employees and members of Congress).

---

[4] We note that OPM has established an internal policy of granting service credit for periods of time for which an employee has requested and received a refund of FERS retirement contributions, if that refund was erroneously granted and that the U.S. Court of Appeals for the Federal Circuit has implicitly found that an individual may avoid the rule that receipt of a refund of retirement contributions voids annuity rights if the individual was mentally incompetent at the time he applied for and received the refund. *See Wadley v. Office of Personnel Management*, 103 M.S.P.R. 227, ¶ 11 (2006). However, the appellant has not presented arguments in this respect and we find that these scenarios are inapplicable to the instant case.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
                                   William D. Spencer
                                   Clerk of the Board

Washington, D.C.